# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                   No. 18 MJ 504

KEVIN VIGIL,

      Defendant.

## DEFENDANT'S APPEAL OF ORDER OF DETENTION

**COMES NOW**, Defendant, Kevin Vigil, by and through his attorney of record, Assistant Federal Defender, Devon M. Fooks and pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and 18 U.S.C. § 3145(b), and respectfully submits this appeal of the Honorable Steve Yarborough's Order denying Mr. Vigil's request to be released from custody while his case is pending trial entered on February 121, 2018. [Doc. 12] Mr. Vigil respectfully submits that there is sufficient evidence to demonstrate that 1) Mr. Vigil is not a flight risk 2) Mr. Vigil is not a danger to the community.

## FACTS

Mr. Vigil is alleged to have sexually abused A.W. while A.W. and Mr. Vigil were sharing a bed at Mr. Vigil's home. On the night in question A.W. was at Mr. Vigil's home with her mother, C.W. and her father, T.W. T.W. is divorced/separated from C.W. C.W. and Mr. Vigil occasionally have relations with one another although there is no permanent relationship between the two that would allow them to be categorized as boyfriend and girlfriend.

That evening C.W. and T.W. spent the evening smoking crack cocaine that Mr. Vigil's daughter purchased for them. A.W. was drinking beer but was not drunk. Mr. Vigil retired to his room for the evening. Sometime after he fell asleep, A.W. began going into and coming out of Mr. Vigil's bedroom. She eventually fell asleep there.

Sometime later C.W. came to bed with Mr. Vigil. Mr. Vigil and C.W. had sex and afterward Mr. Vigil went to sleep. The next thing Mr. Vigil knew, C.W. jumped out of the bed and told Mr. Vigil that they were leaving. C.W. told law enforcement that she felt movement with A.W. that "wasn't right" and that A.W. was making noises that sounded like someone gasping at something painful. C.W. allegedly felt A.W.'s body and determined that A.W.'s pants and underwear were pulled down and could also allegedly feel Mr. Vigil's erect penis.

After law enforcement conducted DNA testing they determined that Mr. Vigil's DNA was found on a number of areas on A.W.'s clothes and body. Mr. Vigil adamantly denies all of these allegations.

**LAW**

18 U.S.C. 3142 states that:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
>
> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
>
> (2) released on a condition or combination of conditions under subsection (c) of this section;
>
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
>
> (4) detained under subsection (e) of this section.

18 U.S.C. §3142 (a)(1)-(4).  Subsection (e)(2) of 18 U.S.C. § 3142 provides that it shall be presumed that no condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense involving a minor victim under section 2241 of this title.  18 U.S.C. § 3142(e)(3)(E).  In the present matter, the Magistrate Court judge did not believe that Mr. Vigil is a flight risk rather he believed that Mr. Vigil is a danger to the community and that erred in determining that there are no conditions or combination of conditions that will assure the safety of the community.[1]

ARGUMENT

*Mr. Vigil is Not a Danger to the Community*

Mr. Vigil adamantly denies the charges against him.  It is not uncommon that Mr. Vigil's DNA would be on A.W. as they were sharing the same bed.  C.W. is a known crack addict and was smoking crack that evening.  Their testimony is suspect.

Mr. Vigil's criminal history consists entirely of charges related to drinking and driving.  He has not crimes of violence on his record.  There is nothing in his history that indicates that he is a violent man or that he has a predilection for crimes of this nature.

*A Set of Conditions Can be Put in Place to Protect the Public*

Mr. Vigil is 52 years old and in poor health.  He suffers from diabetes as well as from gout.  The gout can be particularly debilitating to Mr. Vigil.  On the date of his preliminary/detention hearing, he was not able to stand and was confined to a wheel chair.  The gout in his hands was so

powerful that it nearly prevented him from being able to sign his name on the waiver of preliminary hearing. [Doc. 7]. As a result, his physical ability to harm the public is greatly diminished.

Prior to this incident Mr. Vigil was employed by Rio Arriba County as a land appraiser. The job is not physically demanding and he could continue to work at the job while the case is pending. The job is an 8-5 job thus limiting the amount of time Mr. Vigil would have to interact with the public and thereby protecting the public from any future acts by Mr. Vigil.

Another condition that could be put in place is that Mr. Vigil not have contact with any of the witnesses or any children under the age of 18. This would also serve to protect the public from any additional acts on behalf of Mr. Vigil. This condition could also be combined with a GPS tracking device to make sure that Mr. Vigil is not in any locations that he should not be in.

Third party release to the La Pasada halfway house could also protect the public from any additional acts on behalf of Mr. Vigil. La Pasada has proven that it can be very effective in monitoring pretrial detainees in lieu of having them remain in jail. Placement at the halfway house can also be combined with GTPS monitoring to add an extra layer of protection if the Court so desires.

## CONCLUSION

Mr. Vigil is not a threat to the public and even if he were, there are numerous conditions, which the Court can put in place to assure the safety of the public and to assure Mr. Vigil's appearance in court.

Mr. Vigil has no violent criminal history and which would suggest an inclination to perform the crimes alleged. The witnesses in this matter are of a dubious nature and are drug addicts. The

DNA evidence in this matter is specious as it is undisputed that Mr. Vigil and A.W. were sharing the same bed.

Even if the Court determined that Mr. Vigil is a danger, Vigil's work schedule and health keep him mostly either at work or at home, so there is little chance that he would have contact with the general public. Other conditions can be put in place to monitor Mr. Vigil's movements (GPS tracking) or to provide an additional layer of supervision (placement at La Pasada Halfway House). An order state that there is to be o contact with the witnesses in this case would keep Mr. Vigil away from the alleged victim.

**WHEREFORE**, Mr. Vigil respectfully requests that this Court find that there are conditions which can be put in place that will protect the public and release Mr. Vigil from custody under those conditions.

| | |
|---|---|
| I HEREBY CERTIFY THAT on February 27, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing: AUSA Kyle T. Nayback. | Respectfully submitted, <br><br> FEDERAL PUBLIC DEFENDER <br> 111 Lomas NW, Suite 501 <br> Albuquerque, NM 87102 <br> (505) 346-2489 <br><br> /s/ *filed electronically on 2/27/18* <br> DEVON M. FOOKS, AFPD |
| /s/ *filed electronically* | Attorney for Defendant |