IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                              ) | |
|         Plaintiff,           ) | |
|                              ) | |
| vs.                          ) | Cr. No. 18-739 MV |
|                              ) | |
| **KEVIN VIGIL**,             ) | |
|                              ) | |
|         Defendant.           ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO CONTINUE TRIAL SETTING**

The United States respectfully opposes Defendant Kevin Vigil's motion to continue the July 22, 2019 trial date, and in support states:

**I.      Procedural History**

On March 13, 2018, a federal grand jury returned an indictment against Defendant Kevin Vigil, charging him with two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1152, 2241(c) and 2246(2).  (Doc. 25.)  Due to defendant's illness, he was not arraigned until September 11, 2018.  (Doc 30.)  The Court scheduled the first trial date for October 22, 2018. (Doc. 34.)

At Defendant's unopposed request, the Court has continued the trial three times.  (Doc. 42, 45, 47.)  The trial is currently scheduled for July 22, 2019.  (Doc. 47.)  The case has been scheduled for trial on this date since February 12, 2019.

The United States timely provided Defendant with initial disclosure on August 31, 2018. The initial disclosure consisted of 214 pages of reports and records, two audio files, and three video files.  Over the course of the next eight months, the United States provided 230 pages of

supplemental disclosure to Defendant.  The bulk of this disclosure consisted of 145 pages of DNA results, which were disclosed to Defendant on October 5, 2018.  The most recent supplemental disclosure included a one-page drawing, which was disclosed on May 15, 2019 and 54 pages of medical records, which were disclosed on May 22, 2019.  The medical records were not previously in the custody or control of the government, and were obtained at Defense counsel's request.

On March 19, 2019, the United States alerted Defense counsel of the government's intent to conduct additional DNA testing using a more sensitive technology called probabilistic genotyping.  Defense counsel objected to the government's request to consume, or potentially consume, the DNA samples via additional testing.  On March 22, 2019, the United States promptly filed a motion seeking the Court's permission to proceed with testing.  (Doc. 54.)  One month later, after the government's motion to consume DNA samples was fully briefed, Defendant withdrew his objection.  (Doc. 61.)  Due to this litigation, the government's ability to start the second round of DNA testing was delayed over 30 days.  The government is currently expecting results around the end of June 2019.

**II.      Applicable Law**

The Speedy Trial Act allows for periods of delay when the "ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  However, this "exception to the otherwise precise requirements of the [Speedy Trial] Act [i]s meant to be a rarely used tool for those cases demanding more flexible treatment."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

A party seeking an ends-of-justice continuance cannot simply identify an event and add conclusory statements that the event requires additional time for trial preparation.  *Id.* at 1271-72.

Under *Toombs*, the party moving for the continuance must provide a more specific explanation about why such an event requires additional delay. *Id.* at 1271. Notably, *Toombs* expressly states that it is insufficient for a party to allege that "discovery was recently received" or that counsel needs "additional time to prepare for trial." *Id.* at 1272. The party seeking the continuance must go further to address why a particular period of delay is necessary under the circumstances. *Id. Toombs* also emphasizes the public's substantial interest in a speedy trial, separate and apart from the defendant's interest. *Id.* at 1273.

The interest in a speedy trial is particularly strong in cases involving victims. The Crime Victims' Rights Act provides victims of federal offenses with the right to proceedings free from unreasonable delay. 18 U.S.C. § 3771 (a)(7). The statute imposes an affirmative obligation on both the Court and the prosecution to ensure this right is protected. 18 U.S.C. §§ 3771(b)(l) and (c).

### III.   Argument

Defendant's motion to continue the trial fails to meet the standards set forth in 18 U.S.C. § 3161(h)(7) and *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2010).

Defendant is requesting a 60-day continuance. To support this request, Defendant maintains that he requires additional time to investigate the case, interview witnesses, and obtain documents. None of these conclusory statements explain why Defendant cannot complete the necessary tasks over the next seven weeks, before the July 22, 2019 trial date, or why a 60-day continuance is appropriate.

Defense counsel has had all of the critical discovery in this case since at least April 22, 2019 and has had the majority of the discovery much longer. The discovery is not voluminous. Defense counsel does not identify what witnesses he still needs to interview, what documents he

still needs to obtain, or why it requires more than three months to obtain these documents and complete these interviews.

Defendant also maintains that a continuance would allow the parties to entertain plea negotiations. A continuance is not necessary for this reason. The parties have had many months to discuss a possible resolution of the case. There is no reason to believe additional time would advance settlement negotiations.

The only specific reason Defendant provides for the continuance is Defendant's anticipation that there will be litigation regarding the government's pending DNA testing. At this point, Defendant's concerns remain speculative. There is no guarantee that the additional testing will yield results. Assuming the United States obtains new results, the United States anticipates having approximately one month prior to trial to litigate the admissibility of these results. The United States submits that this should provide sufficient time to prepare for trial. Defense counsel has been aware of the government's intention to conduct additional testing since March 2019. Defendant still has almost two months to secure an expert.

Even if a continuance would ease the process, this does not mandate another continuance. In order to grant a continaunce, the Court must conclude that the interests of justice served by the continuance ouweight the public's interest in a speedy trial. Delay is not without costs. This case is over one year old. During the course of this period, two witnesses who were in the Defendant's home on the night of the offense have died. The longer the case is delayed, the more memories fade and the greater the risk that another witness becomes unavailable. Defendant has had many months to prepare for trial, hire experts, and investigate possible defenses. The Court should deny Defendant's motion to continue.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on June 3, 2019*
KYLE T. NAYBACK
ALLISON C. JAROS
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
505-346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
KYLE T. NAYBACK
Assistant United States Attorney