IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 18-739 MV |
| ) | |
| KEVIN VIGIL, ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO INSTRUCT
JURY AS TO MANDATORY MINIMUM PENALTIES

The United States respectfully opposes Defendant Kevin Vigil's motion to instruct jury as to mandatory minimum penalties (Doc. 85). As Defendant recognizes, "both Tenth Circuit and Supreme Court precedent currently stand for the proposition that a jury may not be instructed, or advised in any way, of the consequences of a particular verdict." (Doc. 85 at 3.) Consequently, the United States of America opposes Defendant's motion and moves the Court in limine for an order prohibiting defense from mentioning sentencing-related issues to the jury, including but not limited to (1) the advisory sentencing guideline range, (2) that Defendant faces a 30-year mandatory minimum and up to a lifetime of incarceration, or (3) that if convicted Defendant will be required to register as a sex offender. As grounds for this combined response and motion, the Government states:

1. On March 13, 2018, a federal grand jury returned an indictment against Defendant Kevin Vigil, charging him with two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1152, 2241(c) and 2246(2). (Doc. 25.)

2.      If convicted, Defendant is facing not less than thirty years of incarceration up to lifetime incarceration. 18 U.S.C. §§ 2241(c).  The United States asserts that the jury should not be allowed to hear about or consider the mandatory minimum, Defendant's potential lifetime incarceration, the advisory guideline range, or Defendant's lifetime requirement to register as a sex offender.

## LEGAL ARGUMENT

3.      Consequences of a guilty verdict are not relevant to the jury's determination of guilt and are considered prejudicial.  The Tenth Circuit has fashioned a bright line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (overruled on other grounds); *see also United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)).

4.      To allow a jury to consider punishment is an invitation for jury nullification, as the jury would consider something other than the evidence when determining guilt or innocence.  The Tenth Circuit has held that there is no right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (citing *United States v. Thomas*, 116 F.3d 606, 615 (2nd Cir. 1997) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")); *see also Greer*, 620 F.2d at 1385 (10th Cir. 1980) (noting "[t]he

authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal.").

5.   Other circuits have ruled similarly. In *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995), the district court declined a defendant's request to inform the jury regarding the defendant's punishment. In affirming, the circuit court reasoned:

> When a jury has no sentencing role, providing sentencing information invites jurors to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. (citation omitted). Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law.

The court in *Johnson* also stated: "[t]he jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequences in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *Id.* at 850 (quoting *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970)); *see also United States v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) (noting "[t]he jury must reach its verdict without considering possible sentences"); *United States v. Trujillo*, 714, F.2d 102, 106 (11th Cir. 1983) (holding that "defense counsel may not argue jury nullification during closing argument"); *United States v. O'Brien*, 609 F.2d 895, 897 (8th Cir. 1979) (observing "[t]he matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant"); *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (noting that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment.").

6. In *Shannon v. United States*, 512 U.S. 573, 579 (1994), the Supreme Court noted: "It is well established that, when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Thus, "as a general matter, jurors are not informed of mandatory minimum or maximum sentences." *Id.* at 586-87. The law on this issue is well-settled and squarely forecloses defendant's discussion of any possible penalty at trial.

7. Defendant's arguments about the historical significance of the jury and recent Sixth Amendment case law, while creative, are unavailing. None of these cases Defendant cites address whether the jury should be advised of the penalties for the crime. In the absence of such authority, lower courts should be very careful to conclude that the Supreme Court or the Court of Appeals has implicitly reversed itself. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997); *Cressman v. Thompson*, 719 F.3d 1139, 1156 (10th Cir. 2013).

8. Recent case law, postdating the *Booker*, *Apprendi*, *Blakely*, and *Crawford* decisions, supports the conclusion that a defendant does not have a Sixth Amendment right to instruct the jury regarding the mandatory minimum penalties. *See United States v. Brewer*, 624 F.3d 900, 907 (8th Cir. 2010) (the district court properly refused to instruct the jury that the defendant faced a twenty-year mandatory minimum sentence); *United States v. Polouizzi*, 564 F.3d 142, 160 (2d Cir. 2009) (defendant had no Sixth Amendment right to an instruction on the applicable mandatory minimum sentence); *United States v. Abdul-Ganiu*, 480 F. App'x 128, 131 (3d Cir. 2012) (unpublished) (the district court properly rejected the defendant's request to instruct the jury on the applicable five-year mandatory minimum). In *United States v. Gehringer*, 385 F. App'x 830, 834 (10th Cir. 2010) (unpublished), the Tenth Circuit Court of

Appeals addressed the arguments Defendant is making here.  The Court of Appeals concluded that: "In light of established Tenth Circuit and Supreme Court authorities, the district court had no discretion to instruct the jury on the sentencing penalties." *Id.* at 834.

9. Allowing Defendant to inject discussion as to the possible penalty would contradict the jury instructions regularly given by this Court. Tenth Circuit Pattern Jury Instruction 1.04 states that it is the jury's duty "to base [its] verdict solely upon the evidence, without prejudice or sympathy."  Similarly, Instruction 1.20 instructs the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be. [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict."

10. Defense comments warning a jury against "taking away defendant's freedom," "sending him to jail," "taking him away from his family," "labeling him a sex offender" or any statement regarding possible consequences serve no purpose at trial.  The mention of such facts serves only to put before the jury the matter of what sentence or consequences a defendant might receive and, if it occurs, can only be intended to arouse he jury's sympathy or prejudice.  "The jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

## CONCLUSION

11. For the reasons explained above, the United States requests that this Court deny Defendant's motion and issue an order prohibiting Defendant and his counsel from arguing sentencing-related issues to the jury. Such issues include, but are not limited to, application of

the United States Sentencing Guidelines, the potential for registration as a sex offender, and the penalties Defendant faces if convicted at trial.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on June 17, 2019*
ALLISON C. JAROS
KYLE T. NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on June 17, 2019,
I filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as
more fully reflected on the Notice of Electronic
Filing.

*/s/*　　　　　　　　　　　　　　　　
ALLISON C. JAROS
Assistant United States Attorney