IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cr. No. 18-739 MV |
| | ) |
| KEVIN VIGIL, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION *IN LIMINE* REQUESTING
<u>LEAVE TO USE LEADING QUESTIONS</u>**

The United States hereby respectfully requests that the Court allow counsel for the government, if necessary, to use leading questions during the testimony of Jane Doe, the eight-year-old female victim. In support of its motion, the government states the following:

1. Federal Rule of Evidence 611(c) provides: "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. . ." The Advisory Committee Note to Subdivision (c) indicates that there are numerous exceptions to this rule, including "the child witness or the adult with communication problems."

2. The Tenth Circuit has long recognized the necessity of using leading questions during the direct examination of a young witness. In *Antelope v. United States*, a statutory rape case, the court upheld the use of leading questions during the direct examination of a young female witness. *Antelope v. United States*, 185 F.2d 174, 175 (10th Cir. 1950). The Court noted: "[the victim was a] young, timid Indian girl. She was in strange surroundings. The questions, of necessity, were embarrassing to her. She testified in a timid, halting manner." The Court held it was necessary to ask some leading questions to elicit material facts from the witness. *Id*. More

recently, in *United States v. Tome*, the Tenth Circuit upheld the use of leading questions during the direct examination of a child sexual abuse victim. *See United States v. Tome,* 3 F.3d 342, 352-353 (10th Cir. 1993), *rev'd on other grounds*, 513 U.S. 150 (1995). In *Tome*, the trial court permitted leading questions when the minor victim was reluctant to testify and stopped questioning several times to allow the victim time to compose herself and answer questions. *Id.* at 353.

      3.      The Tenth Circuit is not alone in allowing the use of leading questions during direct examinations of young witnesses. Many other circuits recognize this exception to the general prohibition of using leading questions on direct examination. *See e.g. United States v. Butler*, 56 F.3d 941, 943 (8th Cir. 1995), *cert. denied*, 116 S.Ct. 322 (1995) (trial court did not err in allowing leading questions where the government did not engage in a "pattern of leading questions" or attempt to "shape" the child's testimony); *United States v. Boyles*, 57 F.3d 535, 547 (7th Cir. 1995) (use of leading questions proper because it "helped to elicit difficult testimony from an infant" witness); *United States v. Castro-Romero*, 964 F.2d 942, 943-44 (9th Cir. 1992) (leading questions properly used during the direct examination of an eight-year-old sex abuse victim who was reluctant to testify); *United States v. Rossbach*, 701 F.2d 713, 718 (8th Cir. 1983), *cert. denied*, 111 S.Ct. 83 (1990) (leading questions proper where teenage rape victims "were hesitant to answer questions" and the defendant "threatened to kill them if they told anyone what had occurred"); *United States v. Iron Shell*, 633 F.2d 77, 92 (8th Cir. 1980), *cert. denied*, 450 U.S. 1001 (1981) (leading questions properly permitted on direct examination of nine-year-old sexual assault victim who was reluctant to testify); *United States v. Littlewind*, 551 F.2d 244, 245 (8th Cir. 1977) (leading questions proper when young teenage rape victims

were hesitant to testify); *Rotolo v. United States*, 404 F.2d 316, 317 (5th Cir. 1968) (leading questions proper when fifteen-year-old witness was reluctant, nervous and upset).

4.   The matter before the Court involves charges of child sexual abuse, allegedly occurring when the victim was only six years old.  The victim is currently eight years old.  Due to the nature of the charges, the questions on direct examination will necessarily be of a delicate and sensitive nature.  Further, the young female victim is an Indian child.  Just as in *Antelope,* a federal courthouse will be an intimidating surrounding for the minor victim.

5.   Case law in the Tenth Circuit, as well as other circuits, supports the exception to Fed. R. Evid. 611 which allows for the use of leading questions during direct examination of a young witness where necessary to develop the witness's testimony.  As such, the government requests the Court's permission to utilize leading questions during the victim's examination if the victim becomes reluctant, nervous or has trouble answering questions, or if necessary to develop her testimony.

WHEREFORE, the United States respectfully requests that this Court allow counsel for the Government to use leading questions, if necessary, during the examination of the minor female victim.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on July 12, 2019*
ALLISON C. JAROS
KYLE T. NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on July 12, 2019, I filed the foregoing electronically through the CM/ECF System, which caused counsel for the defendant to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*
ALLISON C. JAROS
Assistant United States Attorney