IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-739 MV |
| | ) | |
| KEVIN VIGIL, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION *IN LIMINE* REQUESTING
LEAVE TO INTRODUCE CHILD WITNESS'S FORENSIC INTERVIEW**

The United States hereby respectfully requests that the Court allow counsel for the government, if appropriate under Federal Rule of Evidence 801(d)(1)(B)(ii), to introduce into evidence the relevant portions of Jane Doe's February 7, 2019 forensic interview in order to rehabilitate Jane Doe's credibility. In support of its motion, the government states the following:

1. On March 13, 2018, a federal grand jury returned an indictment against Defendant Kevin Vigil, charging him with two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1152, 2241(c) and 2246(2). (Doc. 25).

2. The victim of the alleged offense is A.W., a now eight-year-old girl. At the time of the February 4, 2018 assaults, A.W. was six years old.

3. The crimes occurred in the early morning hours of February 4, 2018 at Defendant's residence. According to A.W.'s mother, she and Defendant were lying in bed with A.W. lying between them. Responding to movement and sounds from her daughter, A.W.'s mother reached back with her hand and felt that her daughter's pants and underwear were pulled down. She also felt Defendant's erect penis outside of his shorts.

4. A.W.'s mother immediately took A.W. to get medical attention, which included a SANE examination. The SANE examination revealed injuries to A.W.'s vagina and anus that are consistent with penetration or attempted penetration.

5. During the SANE examination, the Sexual Assault Nurse Examiner, Corine Luna, questioned A.W. about what had happened. A.W. told Ms. Luna that Defendant "touched [her] private parts." (Doc. 81-1 at 4). Ms. Luna asked what Defendant touched A.W.'s private parts with, and A.W. responded: "His fingers and his private part." *Id.* With the help of an anatomical drawing, A.W. explained that Defendant put his penis into her butt and that it hurt. *Id.* A.W. also indicated that Defendant used his fingers. *Id.* at 5. Ms. Luna asked A.W. if she said anything to Defendant during the assault. *Id.* A.W. responded: "I told him to stop! But he wouldn't. I kept telling him to stop cuz it was hurting and he said to be quiet and he kept doing it. I kept trying to get his hand out but he kept doing it." *Id.*

6. On February 7, 2018, A.W. underwent a forensic interview. (Doc. 96-1). The interview was conducted by a trained child interviewer, Karen Blackwell. *Id.* A.W. explained that her "Uncle Kevin" hurt her. *Id.* at 31. A.W. told Ms. Blackwell that Defendant pulled down his and her pants and then put "it" in her. *Id.* at 33-34. A.W. also said that she "told him to stop, but he kept doing it." *Id.* at 34.

7. Defendant has indicated that he intends to impeach A.W. "for her memory, and ability to perceive and recollect events." (Doc. 114 at 7).

8. Where a witness testifies and that witness's credibility is attacked "on another ground," Federal Rule of Evidence 801(d)(1)(B)(ii) provides for the introduction of the witness's prior consistent statements in order to rehabilitate the witness's credibility. This rule allows for

the introduction of prior consistent statements where probative to rebut a charge of inconsistency or of faulty memory.  Advisory Committee's Note to 2014 Amendment; *see also United States v. Cox*, 871 F.3d 479, 487 (6th Cir. 2017) (where defendant argued that the child victim did not really remember the abuse, child's prior consistent statement was admissible under Rule 801(d)(B)(ii); *United States v. J.A.S.*, 862 F.3d 543, 545 (6th Cir. 2017) (district court properly admitted the victim's forensic interview after defendant tried to attack the victim's credibility by "pointing out that some aspects of her trial testimony were new . . . and by highlighting some collateral points on which her testimony and her prior descriptions supposedly differed."); *United States v. Magnan*, 756 F. App'x 807, 818 (10th Cir. 2018) (unpublished) (suggesting that admission of prior consistent statements may be warranted where the defendant accuses the victim of misremembering the alleged abuse).

      9.      Here, Defendant intends to attack Jane Doe's credibility based on her lack of memory.  Defendant may also seek to impeach Jane Doe based on alleged inconsistencies between her trial testimony and prior statements.  If Defendant pursues these lines of impeachment, the government is entitled to introduce Jane Doe's prior consistent statements as substantive evidence under Rule 801(d)(1)(B)(ii).

      10.      In accordance with this Rule, the government proposes to introduce into evidence the portions of Jane Doe's February 7, 2018 forensic interview where Jane Doe describes Defendant's abuse.  The government expects Jane Doe's trial testimony to be consistent with these prior statements.  These statements are, therefore, admissible to rehabilitate Jane Doe in the event of an attack on her credibility based on poor memory or inconsistent statements.

WHEREFORE, the United States respectfully requests that this Court allow counsel for the Government to introduce the relevant portion of Jane Doe's forensic interview into evidence if (1) Jane Doe testifies consistently with this interview and (2) if Defendant attacks Jane Doe's credibility based on poor memory or inconsistency.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed on July 12, 2019*
    ALLISON C. JAROS
    KYLE T. NAYBACK
    Assistant United States Attorneys
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

I HEREBY CERTIFY that on July 12, 2019,
I filed the foregoing electronically through the
CM/ECF System, which caused counsel for the
defendant to be served by electronic means, as
more fully reflected on the Notice of Electronic
Filing.

*/s/*  _____
ALLISON C. JAROS
Assistant United States Attorney