IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 18-739 MV |
| ) | |
| vs. ) | |
| ) | |
| **KEVIN VIGIL**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' MOTION *IN LIMINE* TO ALLOW ADMISSION OF HEARSAY EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 803(4)

The United States of America hereby respectfully provides notice that it may introduce as evidence the victim's out-of-court statements regarding sexual abuse, pursuant to Fed. R. Evid. 803(4). In support of this motion, the United States submits the following:

### BACKGROUND

Corine Luna ("Nurse Luna"), a registered nurse and Sexual Assault Nurse Examiner, conducted a child sexual abuse examination of A.W. on February 4, 2018, which revealed multiple injuries to A.W.'s vagina and anus. A.W. was six years old at the time. Nurse Luna interviewed A.W. in order to obtain patient history. A.W. stated about Defendant: "he touched my private parts with his fingers and his private part." A.W. also stated: "he put it in, it hurt." When asked where Defendant put his private part, A.W pointed to her butt and then said, "he put it in both places. He did it two times." When A.W. was asked "what did he put in both places," the child responded: "he put in his front part and his fingers." Finally, A.W. stated: "I told him to stop! Be he wouldn't. I kept telling him to stop cuz it was hurting and he said to be quiet and kept doing it. I kept trying to get his hand out but he kept doing it."

## ARGUMENT

Federal Rule of Evidence 803(4) provides an exception to the general prohibition of hearsay evidence, when the statement is:

(A) made for – and is reasonably pertinent to – medical diagnosis or treatment; and
(B) describes medical history; past or present symptoms or sensations; their inception; or their general cause.

This exception rests on the rationale "that because a patient's medical care depends on the accuracy of the information she provides, the patient has a selfish motive to be truthful; consequently, a patient's statements to her physician are likely to be particularly reliable." *United States v. Pacheco*, 154 F.3d 1236, 1240 (10th Cir. 1998).

A statement is for the purpose of medical diagnosis and treatment when the interviewer seeks to assess a victim's injuries to understand the victim's condition. In *Tome*, the child witness was interviewed by three pediatricians: the first doctor examined the child after receiving a referral from Child Protection Services; the second doctor treated the child for an unrelated vaginal rash when the child disclosed abuse; and the third doctor examined the child for the purpose of providing a second opinion regarding the charged abuse. *United States v. Tome*, 61 F.3d 1446, 1450-51 (10th Cir. 1995). The court found that the statement to the first doctor was properly admitted under Rule 803(4) because the information was necessary to "ascertain exactly what injuries had occurred" and was "reasonably pertinent to [the doctor's] proper diagnosis and treatment." *Id.* at 1450. Similarly, the court found that the child's statement to the second doctor was admissible because the information was pertinent to determining the proper diagnosis. *Id.* at 1451.[1]

---

[1] The *Tome* court held that the child's statements to the pediatricians were admissible under Rule 803(4), but ultimately reversed the conviction because the child's statements to other individuals constituted inadmissible hearsay and the error was not harmless. 61 F.3d at 1455.

2

Ordinarily, a medical provider's ability to obtain an accurate diagnosis or provide effective treatment does not depend on his or her knowledge of the assailant's identity; therefore, a statement identifying an assailant is inadmissible under Rule 803(4). *Id.* at 1450. However, providing proper treatment for a sexual abuse victim whose abuser is "a member of the victim's family or household" may depend on knowing the abuser's identity "where the abuser has such an intimate relationship with the victim that the abuser's identity becomes 'reasonably pertinent' to the victim's proper treatment." *Id.* (quoting *United States v. Joe*, 8 F.3d 1488, 1495 (10th Cir. 1993)). The Tenth Circuit allows statements by sexual abuse victims that identify an abuser as a member of the victim's family because

> [a]ll victims of domestic sexual abuse suffer emotional and psychological injuries, the exact nature and extent of which depend on the identity of the abuser. The physician generally must know who the abuser was in order to render proper treatment because the physician's treatment will necessarily differ when the abuser is a member of the victim's family or household. In the domestic sexual abuse case, for example, the treating physician may recommend special therapy or counseling and instruct the victim to remove herself from the dangerous environment by leaving the home and seeking shelter elsewhere.

*Id.* (quoting *Joe*, 8 F.3d at 1495).

In *Pacheco*, the court admitted statements by a child victim to a physician, where the child identified her abuser as her mother's ex-boyfriend. *Pacheco,* 154 F.3d at 1240-42. The defendant resided at his parent's house, where the child also occasionally resided. *Id.* at 1237-38. The court rejected the defendant's argument that he was not a family or household member as a "narrow reading of the term 'household.' " *Id*. at 1241. Although the court characterized the relationship as intermittent, it determined that the victim's relationship with the defendant "was reasonably pertinent to her course of treatment." *Id*.

A.W.'s statement to Nurse Luna was reasonably pertinent to her diagnosis and treatment. A complete understanding of the incident was necessary for Nurse Luna to "ascertain exactly

what injuries had occurred." A.W.'s statement to Nurse Luna was reasonably pertinent to the proper diagnosis and treatment of A.W., and was important to Nurse Luna's assessment of A.W.'s condition. Further, A.W.'s statement concerning the identification of her abuser is admissible. Although A.W. and the defendant did not reside in the same home, they had an "intermittent" relationship because the defendant was the boyfriend of A.W.'s mother. Understanding the nature of this relationship was pertinent to Nurse Luna's ability to prescribe a course of treatment, including assessing whether counseling or a safety plan was necessary. Therefore, A.W.'s disclosure to Nurse Luna, including both the nature of the abuse and the perpetrator of the abuse, is admissible under Rule 803(4) because it aided Nurse Luna in assessing injuries and prescribing treatment.

## CONCLUSION

WHEREFORE, the United States respectfully requests that this Court find that A.W.'s disclosures to Nurse Luna, including the child's statement regarding the identity of the defendant, meet the requirements for admission under the Rule 803(4).

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed on July 12, 2019*
KYLE T. NAYBACK
ALLISON C. JAROS
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
505-346-7274

I HEREBY CERTIFY that on July 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*
KYLE T. NAYBACK