IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 18-739 MV |
| | ) | |
| **KEVIN VIGIL**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION *IN LIMINE*
TO ADMIT EVIDENCE OF INJURIES AND HYGIENE OF A.W.**

The United States hereby responds to Defendant Kevin Vigil's motion *in limine* to admit

evidence of injuries and hygiene of A.W. (Doc. 133) and in support states:

FACTUAL BACKGROUND

1.     On March 13, 2018, a federal grand jury returned an indictment against

Defendant Kevin Vigil, charging him with two counts of aggravated sexual abuse in violation of

18 U.S.C. §§ 1152, 2241(c) and 2246(2).  (Doc. 25).

2.     The victim of the alleged offense is A.W., a now eight-year-old girl.  At the time

of the February 4, 2018 assaults, A.W. was six years old.

3.     The crimes occurred in the early morning hours of February 4, 2018 at

Defendant's residence.  According to A.W.'s mother, she and Defendant were lying in bed with

A.W. lying between them.  Responding to movement and sounds from her daughter, A.W.'s

mother reached back with her hand and felt that her daughter's pants and underwear were pulled

down.  She also felt Defendant's erect penis outside of his shorts.

4.      A.W.'s mother immediately took A.W. to get medical attention, which included a SANE examination.  The SANE examination revealed injuries to A.W.'s vagina and anus that are consistent with penetration or attempted penetration.

5.      During the SANE examination, the Sexual Assault Nurse Examiner, Corine Luna, questioned A.W. about what had happened.  A.W. told Ms. Luna that Defendant "touched [her] private parts."  (Doc. 82-1 at 4).  Ms. Luna asked what Defendant touched A.W.'s private parts with, and A.W. responded: "His fingers and his private part."  *Id.*  With the help of an anatomical drawing, A.W. explained that Defendant put his penis into her butt and that it hurt. *Id.*  A.W. also indicated that Defendant used his fingers.  *Id.* at 5.  Ms. Luna asked A.W. if she said anything to Defendant during the assault.  *Id.*  A.W. responded: "I told him to stop! But he wouldn't.  I kept telling him to stop cuz it was hurting and he said to be quiet and he kept doing it.  I kept trying to get his hand out but he kept doing it."  *Id.*

6.      On July 12, 2019, Defendant filed a motion seeking to admit evidence of prior injuries to A.W.'s vaginal area.  (Doc. 133.)  Specifically, consistent with contemporaneous police reports, A.W.'s family reported seeing various injuries to A.W.'s genitals in 2015 around the time she was reportedly abused by her mother's boyfriend's son.  In addition to this incident, Jessica Trujillo reported an occasion in 2017 when she was changing A.W. and noticed that her vagina was "really red" and "scratched."  Similarly, Shanice War reported that she saw "a little bit of blood" on A.W.'s panties about six months prior to the charged offenses.  Finally, about a month and a half prior to the charged offenses, A.W. told Shanice that her vagina hurt.  Shanice saw that A.W.'s vagina was red at the top.

7.      Defendant also seeks to introduce evidence of A.W.'s poor hygiene. Specifically, in his interview with law enforcement, A.W.'s brother reported that A.W.'s mother rarely bathed A.W. and that A.W. was always scratching herself "down there."

<u>ARGUMENT</u>

On May 9, 2019, Defendant filed an expert notice indicating that he intended to call Judy Malmgren, BSN, RN, PHN, SANE-A, as an expert to testify about "the evidence of injuries to A.W. and their potential causes."  (Doc. 66 at 1-2.)  On June 8, 2019, at the Court's direction, defense counsel provided the government with a report from Nurse Malmgren containing a summary of her proposed testimony.  (Doc. 104-1.)  According to this summary, Nurse Malmgren concluded that, on February 4, 2018, A.W.'s showed "signs and symptoms of a pre-existing condition or conditions, unrelated to the allegations.  The findings appear to be medical in nature versus assault related."  *Id.* at 3.  Nurse Malmgren suggested that A.W.'s injuries *might* be explained by hygiene issues, lichen sclerosus, strep infection, or vulvar dermatitis.  *Id.*  Nurse Malmgren reiterated that she saw "nothing" in the SANE photographs to support a finding of abuse as opposed to a finding of poor hygiene.  *Id.*

The government does not object to Defendant introducing evidence that is relevant to support this theory, namely evidence of A.W.'s poor hygiene and evidence of any symptoms of vaginal irritation A.W. displayed in the two weeks prior to the SANE examination.  Specifically, the government does not object to Defendant eliciting testimony that A.W.'s mother rarely bathed A.W.  The government does not object to Defendant eliciting testimony that A.W. often scratched herself "down there."  Finally, the government does not object to Defendant questioning A.W.'s family member and caretakers about any symptoms of vaginal irritation

(e.g., redness, scratching, reports of pain) A.W. may have displayed in the two weeks immediately prior to the charged offenses.  The government agrees that this evidence is relevant and admissible to help the jury understand and determine the causes of the injuries to A.W.'s genitals that are documented in Nurse Luna's report.

The Court should put appropriate limits on this cross-examination, however, to exclude irrelevant evidence, avoid time-consuming mini-trials regarding unrelated prior injuries A.W. has suffered, and to prevent Defendant from using A.W.'s vaginal health as an excuse to backdoor inadmissible Rule 412 evidence into trial.

Defendant should not be permitted to introduce evidence about specific genital injuries that A.W. suffered that are indicative of prior sexual abuse and that occurred months or years before the charged conduct.  Nor should Defendant be permitted to introduce evidence of unexplained and temporally unrelated injuries to A.W.'s vaginal area.  Such evidence is irrelevant.  Injuries from months or years prior to Defendant's assault are too remote in time to provide an alternative explanation for the very fresh injuries to A.W.'s genitals documented on February 4, 2018.  *See United States v. Pablo*, 696 F.3d 1280, 1299 (10th Cir. 2012) (evidence that the victim may have sustained vaginal injuries from prior sexual behavior was properly excluded because the connection between the prior behavior and the injuries was speculative and tenuous).  The sole purpose of introducing such evidence would be to encourage the jury to speculate about A.W.'s history of prior sexual abuse.  This kind of speculation is irrelevant and inappropriate.  The fact that A.W. suffered abuse at the hands of others months or years prior to the charged offense does not explain fresh injuries and it does not make it less likely that Defendant abused A.W. on February 4, 2018.  *See* Tenth Circuit Pattern Jury Instruction 1.19

("The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.").

This kind of evidence is inadmissible under Federal Rule of Evidence 412.  *United States v. Hitt*, 473 F.3d 146, 156 (5th Cir. 2006) (victim's previous sexual abuse inadmissible pursuant to Rule 412 as it was only marginally relevant but was prejudicial and had potential to confuse the jury); *United States v. Tail*, 459 F.3d 854, 861 (8th Cir. 2006) (district court properly excluded evidence of prior sexual abuse of the victim where the prior abuse was unrelated to the charged conduct).  Rule 412 prohibits the introduction of a victim's sexual history and behavior. In order to protect victim privacy, this rule is interpreted broadly.  Relevant here, Rule 412 "exclude[s] evidence that…the proponent believes may have a sexual connotation for the factfinder." FED. R. EVID. 412, Advisory Committee Notes (1994).  A.W.'s family members clearly interpreted A.W.'s prior injuries as signs of sexual abuse.  (FBI report regarding interview of Shanice War, Doc. 114-1 at 14; FBI report regarding interview of Tommy War, Jr., Doc. 114-1 at 5).  Defendant acknowledges that this evidence suggests that A.W. was "being subjected to sexual abuse by other individuals on a quasi-regular basis."  (Doc. 133 at 8.)

The government agrees that the statements of A.W.'s family members suggest A.W. was previously abused by individuals other than Defendant.  The law is clear, however, that this evidence is not admissible absent a direct causal connection between the prior abuse and the fresh injuries documented in this case.  *Pablo*, 696 F.3d at 1299.  Defendant has not, and cannot, make such a showing.

The Court should exclude this evidence under Federal Rules of Evidence 412 and 403. Rule 403 states that, "[t]he court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  As the above-cited cases make clear, except in limited circumstances, evidence relating to a victim's prior abuse has no probative value.  Such evidence is unfairly prejudicial to the government and has the grave potential for confusing the issues and misleading the jury.  Allowing unlimited questioning about all the historic injuries to A.W.'s genital area would only serve to distract the jury and turn the trial into a series of mini-trials about the prior abuse A.W. suffered in the years and months before Defendant attacked her.

For these reasons, the Court should preclude Defendant from introducing evidence that: (1) A.W.'s family reported seeing various injuries to A.W.'s genitals in 2015 when A.W. reported being abused by her mother's boyfriend's son, (2) in 2017, Jessica Trujillo noticed that A.W.'s vagina was "really red" and "scratched," (3) also in 2017, six months before the charged offenses, Shanice War reported that she saw "a little bit of blood" on A.W.'s panties, and (4) about a month and a half prior to the charged offenses, A.W. told Shanice that her vagina hurt and Shanice saw that A.W.'s vagina was red at the top.  None of these injuries explain the fresh injuries to A.W.'s genital area on February 4, 2018.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Electronically filed on July 19, 2019*
ALLISON C. JAROS
KYLE T. NAYBACK
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that on July 19, 2019,
I filed the foregoing electronically through
the CM/ECF System, which caused counsel
for the defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

*/s/*
ALLISON C. JAROS
Assistant United States Attorney