IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                                         Criminal No. 18-0739-MV

KEVIN VIGIL,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Vigil's Motion to Instruct Jury as to Mandatory Minimum Penalties. Doc. 85. The government timely responded. Doc. 103. The Court heard arguments on these motions on July 29, 2019. However, counsel indicated that they had nothing to add on this motion, and the parties rested on their briefs. Having reviewed the briefs, relevant law, and being otherwise fully informed, the Court finds that the motion is not well-taken and will be **DENIED**.

### BACKGROUND

Mr. Vigil requests that "the Court instruct the jury as to the mandatory minimum penalty that Mr. Vigil faces for a conviction under 18 U.S.C. section 924(c)." Doc. 85 at 1. He is charged in a two-count Indictment with Aggravated Sexual Abuse, and faces a mandatory penalty of thirty years imprisonment.

Mr. Vigil acknowledges that the Tenth Circuit and Supreme Court precedent do not allow a jury to be instructed, or otherwise advised, of the consequences of the verdict. *Id.* at 3. However, he argues that the precedent should be re-evaluated in light of "the Supreme Court's recent Sixth Amendment jurisprudence." *Id.* Mr. Vigil goes on state that "*Booker* and *Apprendi*

1

stand for the proposition that a court may not 'make factual findings that would enhance a sentence that must be imposed if that practice would infringe upon the Sixth Amendment right to a jury trial.'" *Id.* at 4 (citing *United States v. Polizzi*, 549 F. Supp. 2d 308, 427 (E.D.N.Y. 2008)). These cases, combined with Justice Scalia's comments in *Blakely v. Washington*, 542 U.S. 296, 305–06 (2004), he argues, suggest a "return to an originalist view of the Sixth Amendment, the Constitution, and the jury's role in our constitutional framework." Doc. 85 at 4–5. Mr. Vigil's arguments thus appear to request that the role of juries should be re-evaluated, as should whether they should be instructed as to the possible penalties. *Id.* at 6.

Mr. Vigil goes on to discuss the history of the Sixth Amendment and the role of the jury. He states that the "jury today is far weaker, less robust, and more constrained" than what was recognized by the founders. *Id.* at 8. Defense believes that the change was largely due to the specialization of the legal profession, resulting in the diminishing role of the jury. *Id.* at 9. Citing *Polizzi*, Mr. Vigil argues that recent Supreme Court cases "'emphatically reaffirm three propositions that support the argument that juries can be' informed of the consequences of a guilty verdict." *Id.* at 10. He concludes, "[t]o deprive the jury of this function is to rob our criminal justice system of the mitigating, humanizing, and democratic role the founders intended the jury to play in the constitutional structure of the republic." *Id.* at 11–12 (citing Rachel E. Barkow, *Recharging the Jury: The Criminal Jury's Constitutional Role in an Era of Mandatory Sentencing*, 152 U. PA. L. REV. 33, 78 (2003)). The Court notes that this law review article was written prior to *Booker*.

The government opposes the motion and requests that the Court enter an order prohibiting Mr. Vigil from discussing the advisory sentencing guideline range, that Mr. Vigil faces a thirty-year mandatory minimum, or that Mr. Vigil, if convicted, will be required to register as a sex

offender.  Doc. 103 at 1.  In its response, the government cites several Tenth Circuit cases that support the bright line rule that juries shall not be informed of the possible penalties.  *Id.* at ¶ 3.  Allowing the jury to consider the penalty "is an invitation for jury nullification."  *Id.* at ¶ 4.  The government goes on to cite cases from numerous other circuits holding the same.  *Id.* at ¶ 5.  In its review of case law, the government cites several cases—from this district and others—specifically post-dating the cases cited by Mr. Vigil (*Booker*, *Apprendi*, *Blakely*, and *Crawford*), in support of the government's position that a defendant does not have a Sixth Amendment right to instruct the jury on mandatory minimum penalties.  *See id.* at ¶ 8.  Several Tenth Circuit Pattern Jury Instructions also affirm that the jury should not consider the possible penalty in reaching its verdict.  Id. at ¶ 9.

## DISCUSSION

Undoubtedly, the role of the jury has changed substantially since the inception of the concept of juries and formation of the criminal justice system.  This Court has reviewed many scholarly articles on this point, many of which have been spearheaded by Nancy Gertner, a former United States District Judge of the United States District for the District of Massachusetts who is now a professor at Harvard Law School.  Such articles have posited, for example, that the role of colonial jurors has changed largely owing to the change in the "division of labor" in a criminal trial.  *See, e.g.*, Nancy Gertner, *A Short History of American Sentencing: Too Little Law, Too Much Law, or Just Right*, 100 J. CRIM. L. & CRIMINOLOGY 691 (2010).

Still, while this change may call for a reevaluation of the role of our jurors, caselaw post-dating *Booker*, *Apprendi*, and other important sentencing decisions is clear: juries shall not be informed of the possible penalties.  As Mr. Vigil acknowledges, our Tenth Circuit caselaw and Tenth Circuit Pattern Jury Instructions support this determination.

3

**IT IS THEREFORE ORDERED** that Mr. Vigil's Motion to Instruct Jury as to Mandatory Minimum Penalties is **DENIED**.

DATED this 5th day of August, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge